THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHRYN E. GORDON AKA KATHERINE E. GORDON,<br><br>   Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, PHH ORTGAGE CORPORATION, and U.S. BANK as Trustee for CITIGROUP MORTGAGE LOAN TRUST, INC., ASSET-BACKED PASS-TRHOUGH CERTIFICATES, SERIES 2006-HE2,<br><br>   Defendants. | CIV-22-60-R |

## ORDER

Before the Court is the Motion to Remand (Doc. No. 3) filed by Plaintiff. Defendants responded in opposition to the motion. (Doc. No. 4). Upon consideration of the parties' submissions, the Court finds as follows.

Plaintiff filed this quiet title action in the District Court of Oklahoma County, seeking a judicial determination that Defendants have no interest in the property located at 20505 SE 59th Street, Newalla, Oklahoma 74857. She additionally seeks relief under the Oklahoma Consumer Protection Act and alleges fraud. Plaintiff's prayer for relief requests that the Court void a 2018 loan modification agreement and award damages. Defendants removed this action citing the Court's diversity jurisdiction under 28 U.S.C. § 1332.

Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). 28 U.S.C. § 1332 permits a federal court to exercise jurisdiction over a civil action where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiff does not challenge the amount in controversy but argues that the parties are not diverse. The representations regarding the citizenship of the parties are found in Defendants' Notice of Removal. (Doc. No. 1).

Therein Defendants assert that Plaintiff is domiciled in Oklahoma, that Defendant Ocwen is a limited liability company whose sole member is a corporation incorporated and with its principal place of business in the U.S. Virgin Islands. Defendants further represent that PHH is a citizen of New Jersey for purposes of diversity jurisdiction because it is incorporated in and has its principal place of business in New Jersey. Finally, and underlying Plaintiff's motion, Defendants represent that U.S. Bank is a citizen of Ohio for purposes of diversity jurisdiction, because it is a national banking association, and its main offices, as designated in its articles of association are in Cincinnati, Ohio. Doc. No. 1, p. 3 (citing *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006)).

Plaintiff challenges Defendants' representations regarding U.S. Bank, arguing that because U.S. Bank is sued in its capacity as a trustee for a real estate mortgage investment trust (REMIC), its citizenship is the citizenship of its certificate holders, who are not identified in the Notice of Removal. Doc. No. 3, p. 2 (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016)). Accordingly, Plaintiff argues because the Notice of Removal did not provide information regarding the citizenship of the certificate

2

holders, remand is warranted. Thus, the operative issue is how the Court should construe the citizenship of the trustee for purposes of diversity jurisdiction.

For purposes of establishing diversity jurisdiction a "trust" may be considered in more than one way. In *Navarro v. Lee*, 446 U.S. 458 (1980), the Supreme Court stated that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Id.* at 464. Thereafter, in *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378 (2016), the Supreme Court held that an unincorporated entity organized under Maryland law that designated itself a real estate investment trust, was a citizen of every state in which its shareholders were located. *Id.* at 382. Under Maryland law the *Americold* trust was owned and controlled by its shareholders. *Id.*. Unlike a traditional trust, which is a fiduciary relationship not subject to being sued, the *Americold* trust was actually an "artificial entity" and that "when an artificial entity is sued in its name, it takes the citizenship of each of its members." *Id.* at 383.

Dispositive here is that *Americold* did not alter the rule in *Navarro*. Accordingly, if a trust is a traditional trust, meaning that "it is a fiduciary relationship between the trustee . . . and the beneficiaries," the trustee may sue and be sued and only its citizenship is relevant in considering the existence of diversity among the parties. *LMP Ninth Street Real Estate, LLC v. U.S. Bank Nat'l Assoc.*, No. 8:16-cv-2453-T-33AEP, 2016 WL 6068302, *2 (M.D. Fla. Oct. 17, 2016). As stated by the court in *Bellforest Trust v. U.S. Bank, National Assoc. as Trustee for JP Alt 2006-S1*, No. 4:17-CV-01586, 2017 WL 8794878, *2 (S.D. Tex. Nov. 8, 2017), "because U.S. Bank was sued in its capacity as trustee,

3

*Navarro* controls and the Court shall consider whether U.S. Bank possesses the sort of 'real and substantial' control over the Trust's assets discussed in *Navarro*."

Courts that have considered the citizenship of REMIC trusts after *Americold* have considered the control provisions of the relevant Pooling and Servicing Agreement (PSA) in assessing whether the trust is controlled by the shareholders or by the trustee. *See LMP Ninth Street Real Estates, LLC*, 2016 WL 6068302, at * 2 (noting that under the terms of the PSA, the certificate holders had no right to vote or otherwise control the trust, and the trust was a traditional trust in light of the fiduciary relationship between trustee and beneficiaries); *see also Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24,* 866 F.3d 351, 357 (5th Cir. 2017)("For example, under the Pooling and Servicing Agreement (PSA) for the trust, 'all right, title, and interest in and to the Initial Mortgage Loans' were transferred' to [the] trustee."); *Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-FXD2 Asset-backed Certificates Series 2007-FXD2 v. Malloy*, No. 3:19-cv-9-S-BN, 2019 WL 4044192 (N.D. Tex. July 23, 2019)(PSA provides that all right, title and interest in the loans transferred to the trustee which had real and substantial control over the trust assets); *Bellforest Trust*, 2017 WL 8794878, * 2 (examining the PSA and concluding that the trustee exercised control over the assets and therefore the trustee's citizenship was relevant).

Here the terms of the PSA support Defendants' representations that U.S. Bank serves in a fiduciary capacity and therefore the citizenship of the trustee is controlling such that diversity exists. Under the terms of the PSA, "[t]he Depositor [Citigroup Mortgage Loan Trust Inc.], concurrently with the execution and delivery hereof, does hereby transfer,

4

assign, set over and otherwise convey to the Trustee without recourse for the benefit of the Certificateholders all the rights, title and interest of the Depositor . . . in and to the Mortgage Loans identified on the Mortgage Loan Schedule. . . ." The PSA further provides "No Certificateholder shall have any right to vote (except as expressly provided for herein) or in any manner otherwise control the operation and management of the Trust Fund." (Doc. No. 3-1, p. 73). Because Defendant U.S. Bank, sued as trustee, has control over the assets of the trust, its citizenship is the relevant question for purposes of diversity. Plaintiff does not dispute that Defendant U.S. Bank is a citizen of Ohio, and she is a citizen of Oklahoma. Accordingly, there is complete diversity and the motion to remand is not well taken.

For the reasons set forth herein, the Motion to Remand (Doc. No. 3 is DENIED).

**IT IS SO ORDERED** this 10th day of March 2022.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE