IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KATHRYN E. GORDON, a/k/a KATHERINE E. GORDON, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. CIV-22-60-R |
| OCWEN LOAN SERVICING, LLC; PHH MORTGAGE CORPORATION; and U.S. BANK, as Trustee for CITIGROUP MORTGAGE LOAN TRUST, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-HE2, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment [Doc. No. 23], to which Plaintiff has responded in opposition [Doc. No. 25] and Defendant has replied [Doc. No. 26]. These briefs reflect a lack of preparation and are wholly inadequate.

This is second time the Court has been forced to spend its time and resources addressing inadequate briefing in this case. In an order dated January 31, 2023 [Doc. No. 21], Defendants' motion was stricken because it failed to comply with Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1 and cited to an improper standard. After reviewing Defendants' revised motion, the Court is not impressed by their efforts to comply with the order. The revised motion is still not in compliance with LCvR56.1 as its statement of undisputed material facts does not include citations to the evidentiary material

presented in support of its position. *See* LCvR56.1(d) (requiring "[e]ach individual statement" to be "followed by citation, with particularity, to any evidentiary material"). The revised motion also fails to explain its use of the term "Adjustable Rate Deed" or its discussion of standards applicable to a Rule 12(b)(6) motion to dismiss even though these issues were noted in the Court's prior order.

Plaintiff's response brief does not fare any better. Like Defendants, Plaintiff's response fails to comply with LCvR 56.1. Plaintiff fails to include citations to evidence in support of each of her factual averments or, at other times, fails to cite to the evidentiary material with particularity. For example, Plaintiff cites to a deposition without referring to the page and line number containing the relevant testimony and cites to a Pooling and Service Agreement without referring to the page number that supports her position. Plaintiff's response brief also appears to misrepresent the holding of *Brannon v. Boatmen's Nat. Bank of Oklahoma*, 976 P.2d 1077, 1085 (Okla. 1998), as the quote she includes on pages 24-25 of her brief is actually from a dissenting opinion.

There are other deficiencies in the briefs, but the Court will not belabor the point. Defendant's Motion for Summary Judgment, Plaintiff's Response, and Defendant's Reply are hereby STRICKEN for failure to comply with Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. Defendant shall file a revised brief within 14 days of the date of this Order. Plaintiff shall have twenty-one days in which to respond to the amended motion and Defendants shall have seven days in which to file a reply. Each party shall ensure that its respective filings comply with all applicable procedural rules.

IT IS SO ORDERED this 24th day of May, 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE